**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PAUL MCKINNEY,

                Plaintiff,

                                                  Case No. 3:12-cv-82-J-JRK

vs.

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

                Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

Paul McKinney ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB"). His alleged inability to work is due to spondylolisthesis and a herniated disc. Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed May 3, 2012, at 64. On December 10, 1999, Plaintiff filed an application for DIB, alleging an onset date of February 13, 1991. Tr. at 51-53. Plaintiff subsequently amended his alleged onset date to December 1, 1996. Tr. at 1275, 1426. Plaintiff's application was denied initially, see Tr. at 36-37, and was denied upon reconsideration, see Tr. at 40-41.

---

      1      Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

      2      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed May 4, 2012; Reference Order (Doc. No. 17), entered May 9, 2012.

Plaintiff has had a total of four (4) administrative hearings before four (4) different Administrative Law Judges ("ALJ(s)"), and this is the fourth time this matter has been before this Court. Plaintiff's first administrative hearing before an ALJ was held on May 16, 2001. Tr. at 308-56. The ALJ issued an unfavorable decision, Tr. at 14-23, that Plaintiff appealed to this Court, see McKinney v. Barnhart, No. 3:05-cv-351-J-HTS (M.D. Fla.). The Honorable Howard T. Snyder, United States Magistrate Judge, entered an Opinion and Order on May 11, 2006 reversing and remanding the matter to the Commissioner for further consideration. See Opinion and Order (Doc. No. 24, Case No. 3:05-cv-351-J-HTS). On April 5, 2007, a second administrative hearing was held before an ALJ, see Tr. at 1273-1324, that was followed by a second unfavorable decision, see Tr. at 1342-46. Plaintiff's second action was filed in this Court on August 29, 2007. See McKinney v. Astrue, No. 3:07-cv-830-J-TEM (M.D. Fla.). Following an unopposed Motion for Entry of Judgment with Remand (Doc. No. 17, Case No. 3:07-cv-830-J-TEM), the matter was again reversed and remanded to the Commissioner for further proceedings, see Order (Doc. No. 18, Case No. 3:07-cv-830-J-TEM). On December 2, 2008, a third administrative hearing was held, see Tr. at 1423-62, resulting in a third unfavorable decision, Tr. at 1328-37, and a third appeal to this Court, see McKinney v. Astrue, No. 3:09-cv-810-J-32HTS (M.D. Fla.). The Commissioner filed a Motion for Entry of Judgment with Remand (Doc. No. 14, Case No. 3:09-cv-810-J-32HTS), that was granted, see Order (Doc. No. 16, Case No. 3:09-cv-810-J-32HTS). A fourth administrative hearing was held on September 13, 2011. See Tr. at 1671-1722. During the September 13, 2011 hearing, Plaintiff and a vocational expert ("VE") testified. Tr. at 1671-1722. At the time

of the fourth hearing, Plaintiff was forty-five (45) years old.[3] Tr. at 1679.  The ALJ issued a Decision on November 8, 2011, finding Plaintiff not disabled from December 1, 1996, the amended alleged onset date, through December 31, 1996, the date last insured. Tr. at 1466-81.  From that Decision, Plaintiff now appeals to this Court, seeking judicial review of the Commissioner's final decision. See Compl. (Doc. No. 1), filed January 25, 2012.

Plaintiff raises one issue on appeal. See Amended Memorandum in Opposition to the Commissioner's Decision (Doc. No. 26; "Pl.'s Mem."), filed October 10, 2012.  Generally, Plaintiff assigns error to the ALJ's interpretation of a portion of a medical opinion rendered by Oscar B. DePaz, M.D. ("Dr. DePaz") on April 25, 2001, and the ALJ's incorporation of that opinion in Plaintiff's residual functional capacity ("RFC") and hypothetical question to the VE. Pl.'s Mem. at 6-10.  Responding, the Commissioner argues that the ALJ "properly considered Dr. DePaz's opinions, including his April 2001 opinion, in assessing Plaintiff's RFC." Memorandum in Support of the Commissioner's Decision (Doc. No. 27; "Def.'s Mem."), filed December 4, 2012, at 5.  After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining

---

   3   Plaintiff was thirty (30) years old on his date last insured. Tr. at 1479.

   4   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 1468-81. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from his [amended] alleged onset date of December 1, 1996, through his date last insured of December 31, 1996." Tr. at 1468 (emphasis and citation omitted). At step two, the ALJ found that "[t]hrough the date last insured, [Plaintiff] had the following severe impairments: lumbar spine disorder status post fusion surgery, hemorrhoids requiring surgical repair, depression, anxiety, and a history of alcohol and opiate abuse." Tr. at 1469 (emphasis and citation omitted). At step three, the ALJ ascertained that "[t]hrough the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 1469 (emphasis and citations omitted).

The ALJ determined that Plaintiff, through the date last insured, had the following RFC:

> [Plaintiff can] perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] is able to lift and carry 20 pounds occasionally and lift and carry 10 pounds frequently. [Plaintiff] is given a sit-stand option with the opportunity to change positions from sitting and standing as often as every 30 minutes while

>   remaining on task. [Plaintiff] is limited to only occasional lower extremity push and pull tasks and should do no constant upper extremity reaching forward tasks. [Plaintiff] should do no ladders, ropes, or scaffold climbing and is limited to only occasional postural motions. [Plaintiff] must avoid dangerous work hazards such as exposure to machinery and unprotected heights. Because of chronic pain and mental health issues causing periods of reduced attention and concentration, [Plaintiff] is limited to routine, uncomplicated tasks at the lower stress/non production/assembly pace level.

Tr. at 1470-71. At step four, the ALJ found that through the date last insured, Plaintiff "was unable to perform any past relevant work" as a road construction front-end operator, grader operator I, or a material handler. Tr. at 1478 (emphasis and citation omitted). At step five, after "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC]," the ALJ found that through the date last insured, "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," including parking lot toll collector, parking lot attendant, cashier II, and photo processing job. Tr. at 1479-80 (emphasis and citation omitted). The ALJ concluded that Plaintiff "was not been under a disability . . . at any time from December 1, 1996, the [amended] alleged onset date, through December 31, 1996, the date last insured." Tr. at 1480 (emphasis and citation omitted).

## III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence

standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

As noted above, Plaintiff raises one issue on appeal.  At the heart of Plaintiff's issue is the ALJ's interpretation of a portion of Dr. DePaz's April 25, 2001 medical opinion and how the ALJ incorporated that opinion in Plaintiff's RFC and hypothetical question to the VE. See Pl.'s Mem. at 6-10.  On that date, Dr. DePaz opined that Plaintiff could stand and/or walk for at least two hours in an eight-hour workday, and he could sit for less than about six hours in an eight-hour workday.  Tr. at 292-95.  Plaintiff argues that the ALJ improperly assumed that when Dr. DePaz opined Plaintiff could stand and/or walk "at least" two hours, he meant "more" than two hours, and when he opined Plaintiff could sit "less" than six hours, he meant "about" six hours.  Pl.'s Mem. at 7.  Plaintiff contends that "[t]o make th[at] assumption, and incorporate it into the ultimate RFC . . . flies in the face of reason and puts the ALJ in the position of medical evaluator." Id.  Defendant responds by arguing that "[c]ontrary to Plaintiff's

contentions, the ALJ reasonably interpreted Dr. DePaz's opinion regarding Plaintiff's ability to stand/walk and sit." Def.'s Mem. at 5. Defendant further asserts that Plaintiff "failed to show that the ALJ's RFC finding or hypothetical questions to the VE were inconsistent with Dr. DePaz's opinion." Id. at 6-7.

In determining an individual's RFC, an ALJ "must consider limitations and restrictions imposed by all of an individual's impairments . . . ." SSR 96-8P, 1996 WL 374184 at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citation omitted).

In the fifth step of the sequential evaluation process, an ALJ may pose a hypothetical question to a VE as part of his determination of whether the claimant can obtain work in the national economy. See 20 C.F.R. § 416.920(a)-(f). When the ALJ relies on the testimony of a VE, "the key inquiry shifts [from the RFC in the written decision] to the adequacy of the RFC description contained in the hypothetical posed to the VE." Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished). In determining an individual's RFC and later posing a hypothetical to a VE which includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating

that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citations omitted).  "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)); see also Loveless v. Massanari, 136 F. Supp. 2d 1245, 1250 (M.D. Ala. 2001).

At the hearing, the ALJ and the VE had a somewhat lengthy discussion regarding the hypothetical question that was eventually adopted as the RFC in the written Decision.  See Tr. at 1705-10.  In pertinent part, the ALJ made the following comments during the discussion:

> [ALJ]: Let's assume an individual with [Plaintiff's] age, education and work background. . . . I'm going to include a sit/stand option in the work place, that's the opportunity to perform the job sitting or standing.
>
> . . .
>
> [ALJ]: And also it would also include the opportunity to change that position if the person chooses to do so as often as every 30 minutes.
>
> . . .
>
> [ALJ]: So if they choose to do so in reality they could do the job sitting or standing or they could do half and half throughout the day, but that combination could be changed if they wanted to every 30 minutes.

Tr. at 1705-06. Based on those limitations (in combination with other limitations expressed by the ALJ but which are not pertinent to this discussion), the VE concluded that Plaintiff

could have performed the jobs of parking lot toll collector, parking lot attendant, cashier II, and photo processing job (all classified as light work).[5] Tr. at 1701-08. The ALJ clarified, and the VE agreed, that Plaintiff could have performed those jobs either sitting or standing at Plaintiff's will. Tr. at 1709. The ALJ then sought further clarification regarding the sit/stand option, and she stated, in substance, that whatever the combination of sitting, standing, and walking is, "if you have the sit/stand option can someone choose to do any combination of that sitting or standing, assuming that [they] actually remain in that position for about 30 minutes . . . [?]" Tr. at 1709. The VE responded in the affirmative, Tr. at 1709, and stated that the jobs identified are "90 percent at will." Tr. at 1710.

In the written Decision, the ALJ assigned "significant, but not controlling[,] weight" to Dr. DePaz's April 25, 2001 opinion. Tr. at 1475. The ALJ reasoned, in part, that Dr. DePaz's opinions are "inconsistent internally." Tr. at 1475 (citing Tr. at 143-72, 291-94); see also Tr. at 1474 (citing Tr. at 172).[6] The ALJ noted that Dr. DePaz's April 25, 2001 opinion "was primarily incorporated into the hypothetical questions given to the [VE] and included in the RFC" in the written Decision. Tr. at 1475. The ALJ went on to explain as follows:

---

   5    The general implication of finding Plaintiff able to perform a restricted range of light work is that Plaintiff also would have been able to perform sedentary work. See generally 20 C.F.R. 404.1567(b) (stating that "[i]f someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time").

   6    The portions of Dr. DePaz's opinions that the ALJ found to be internally inconsistent appear to be his opinion rendered on April 25, 2001 (which has been already been addressed supra) and his opinion rendered on June 21, 1995. See Tr. at 1474, 1475. Dr. DePaz opined on June 21, 1995 that Plaintiff "should be active in a home exercise program mainly consisting of walking 30 minutes to an hour per day. He should start slowly and progress on his distance." Tr. at 172. Dr. DePaz also recommended that Plaintiff engage in "[l]ight activities . . . with no repetitive bending, twisting, stooping or squatting with the ability to make frequent position changes." Tr. at 172.

> The RFC above assumes the ability to sustain a combination [of] sitting, standing, and walking activities for an 8 hour day. Although Dr. De Paz indicates [Plaintiff] is unable to sit for 6 hours, he also finds [Plaintiff] can stand/walk for at least 2 hours, suggesting that any inability to sit for 6 hours can potentially be made up by standing/walking for slightly more than 2 hours. The sit-stand option included in the RFC above provides for this flexibility.

Tr. at 1475 (citing 143-72, 273-90, 291-94). The exhibits cited by the ALJ are Dr. DePaz's treatment notes (dated June 21, 1995 through April 9, 2001) and his April 25, 2001 opinion. See Tr. at 143-72, 273-90, 291-94. Plaintiff does not take issue with the weight assigned to Dr. DePaz's opinion; Plaintiff's only complaint is how the ALJ interpreted Dr. DePaz's limitations regarding Plaintiff's ability to sit, stand, and walk outlined in Dr. DePaz's April 25, 2001 opinion.

Upon review, the undersigned finds no error in the ALJ's interpretation of Dr. DePaz's April 25, 2001 opinion. The VE opined that Plaintiff could have performed the above-listed jobs in response to a hypothetical that included the ability to sit/stand at will, meaning that Plaintiff could choose any combination of sitting, standing, and walking in an eight-hour workday. The ability to choose any combination of sitting, standing, and walking necessarily encompassed Dr. DePaz's limitations. Dr. DePaz did not opine that Plaintiff could not work an eight-hour workday as Plaintiff suggests. Although the form does not explicitly ask the physician completing it to opine whether the claimant can work an eight-hour day, the boxes checked and explanation given by Dr. DePaz do not suggest that Plaintiff could not have done so. The jobs cited by the VE would have permitted Plaintiff to sit, stand, and walk at his own volition. Once Plaintiff had done all the sitting he could have done in a workday, he could have then walked/stood for the remainder of the day and vice versa.

In sum, the ALJ posed a proper hypothetical to the VE consisting of all of Plaintiff's impairments. The combinations of sitting, standing, and walking provided in the hypothetical (and resulting RFC) would not have precluded Plaintiff from working an eight-hour day. The VE is an expert on the types of jobs a person can perform (or could have performed), and the ALJ was justified in relying on the VE's testimony. See Phillips, 357 F.3d at 1240. Therefore, no error is found. Substantial evidence supports the ALJ's Decision.

## V.  Conclusion

Upon review, the undersigned finds that the ALJ's Decision is supported by substantial evidence.  Accordingly, it is

**ORDERED**:

1.  The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2.  The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 13, 2013.

JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:
Counsel of Record